**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CRUST PIZZA, LLC,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| **CRUST, LLC d/b/a CRUST PIZZA BAR** **and CRUST BREWING CO.,** | § § § § § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

This is an action for trademark infringement and unfair competition under Section 32 and 43(a) of the Lanham Act (15 U.S.C. §§1114, 1125(a)). Plaintiff, Crust Pizza, LLC ("Crust"), respectfully brings this action to prevent further confusion and to protect its brand and its Crust Pizza trademarks from further damage caused by the wrongful activities of Defendant Crust, LLC d/b/a Crust Pizza Bar and/or Crust Brewing Co. ("Defendant").

**PARTIES**

1.  Crust Pizza, LLC is a Texas limited liability company with a place of business in The Woodlands, Texas.

2.  Defendant is believed to be limited liability company organized under the laws of the State of Illinois with an address at 5500 Park Place, Rosemont, Illinois 60018. Upon information and belief, Defendant has appointed Harvey Teichman as its registered agent for service of process and such agent may be served at 2300 Barrington Road, Suite 330, Hoffman Estates, Illinois 60169.

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, and 28 U.S.C. §§1331, 1338(a), 1338(b), and 1367.

4. Upon information and belief, this Court has personal jurisdiction over Defendant because it is a resident of Illinois and is doing business in Illinois.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendant has committed and continues to commit tortious acts (trademark infringement, false designation of origin, and unfair competition) in this judicial district, and substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

**CRUST AND ITS DISTINCTIVE CRUST PIZZA MARKS**

6. Crust owns and operates several restaurants in Texas and Louisiana under the name "CRUST PIZZA." Crust has been providing quality restaurant services in Texas under its "CRUST PIZZA" name and brand, as well as under the name "Crust Pizza Co.," beginning at least as early as January 1, 2011. Crust currently owns and operates eleven CRUST PIZZA restaurants in the greater Houston, Texas area and Louisiana.

7. Since 2011, CRUST PIZZA has marketed itself and its CRUST PIZZA brand widely via both traditional advertising methods and social media including Facebook and Yelp. Crust also owns and operates the Internet website located at www.crustpizzaco.com.

8. Crust employs strict quality control measures and great attention to detail in order to provide quality restaurant services under its brand. Crust has also worked hard to create a distinctive and uniform look and feel to its CRUST PIZZA-branded restaurant. Crust has also

worked hard to expand its CRUST PIZZA brand and currently has at least nine (9) new locations selected for new CRUST PIZZA restaurants.

9.  As shown by its sharp growth and well-deserved reputation for quality restaurant services, Crust's distinctive CRUST PIZZA brand is now strong, well-known, and well regarded by the consuming public. In recognition of the strength of the CRUST PIZZA brand, Crust's customers refer to Plaintiff as "Crust Pizza" and often solely as "Crust." In further recognition of the strength of the brand, Crust is also offering its franchises in Illinois and nationwide. Crust actively advertises its franchise opportunities on its Internet website.

10. To protect its distinctive name and reputation in the restaurant services industry, Crust has secured its distinctive CRUST PIZZA brand through a family of registered trademarks with the United States Patent and Trademark Office.

11. Crust is the owner of U.S. Trademark Registration No. 5,917,632 for CRUST PIZZA (word mark). The mark was registered on November 26, 2019 in International Class 43 for restaurant services featuring pizza, pasta, salad and sandwich entrees, and the registration is based on a first use in commerce of at least as early as January 1, 2011. A true and correct copy of this registration is attached hereto as Exhibit A.

12. Crust is also the owner of U.S. Trademark Registration No. 5,207,768 for the stylized/design mark which consists of the words "Original Crust Pizza Co Est. 2011 Pizza & More." This mark was registered on May 23, 2017 in International Class 43 for restaurant services featuring gourmet pizza, pasta, salad and sandwich entrees, and the registration is based on a first use in commerce of at least as early as May 23, 2015. A true and correct copy of this registration is attached hereto as Exhibit B.

13. Crust is also the owner of U.S. Trademark Registration No. 4,665,621 for the stylized/design mark which consists of the words "Crust Pizza Co. Pasta Pizza Salad." This mark was registered on January 6, 2015 in International Class 43 for restaurant services featuring gourmet pizza, pasta, salad and sandwich entrees, and the registration is based on a first use in commerce of at least as early as January 1, 2011. A true and correct copy of this incontestable registration is attached hereto as Exhibit C.

14. Crust's three (3) trademark registrations are collectively referred to as "CRUST Trademark Registrations."

15. By virtue of Crust's long and widespread use of "Crust," "Crust Pizza," and "Crust Pizza Co.," Crust has also obtained common law trademark rights to CRUST, CRUST PIZZA, and CRUST PIZZA CO.

## **DEFENDANT'S INFRINGING ACTS**

16. Upon information and belief, Defendant is the owner and operator of a restaurant named CRUST and/or CRUST Brewing Co. located at 5500 Park Pl., Rosemont, Illinois 60018.

17. Upon information and belief, more than a decade after Crust opened its first CRUST PIZZA restaurant, Defendant adopted the CRUST mark in association with restaurant services.

18. Defendant's use of the CRUST mark is in connection with identical and/or closely related restaurant services that are offered by Crust under its CRUST trademarks.

19. Upon information and belief, Defendant has been actively promotion their CRUST branded restaurant, including on the Internet via Defendant's website at <www.crustbrewingco.com> and on social media such as Facebook.

4

20. In 2021, Crust first discovered Defendant's use of the CRUST mark in the form of "Crust Pizza Bar." *See* Exhibit D. Crust sent a cease and desist letter to Defendant requesting that it cease and desist of its use of the CRUST mark. Defendant, through counsel, responded to the cease and desist letter and denied infringement. Despite actual knowledge of Crust's Trademark Registrations and Crust's objection to Defendant's use of the CRUST mark, Defendant continued to use the infringing CRUST mark. *See* Exhibit E.

21. Crust has never authorized Defendant to use the CRUST mark.

22. Defendant's use of the CRUST mark in connection with identical and/or related restaurant services is likely to cause consumers to mistakenly believe that Defendant's restaurant is operated by Crust, or, at the very least, that the restaurant services rendered by Defendant under the CRUST mark are affiliated with or somehow associated with Crust.

23. Defendant has undertaken activities in connection with the promotion of its restaurant services that are likely to cause consumer confusion as to the source of its services.

24. Defendant's use of the CRUST mark in connection with restaurant services described herein is likely to mislead consumers by giving the false impression that Crust is associated with Defendant and its services, when in fact Crust is not.

25. The likelihood of confusion, mistake, and deception crated by Defendant's rendering of restaurant services in connection with the CRUST mark are causing irreparable harm to Crust and the goodwill Crust has spent over a decade to achieve associated with Plaintiff's CRUST brand.

26. Upon information and belief, Defendant knows, and at all relevant times should have known, that consumers are likely to believe Defendant's restaurant services rendered in

connection with the CRUST mark are authorized, sanctioned or licensed by Crust, even though they are not.

27. Defendant's conduct described herein is intentional, willful and wanton.

28. Defendant's unlawful conduct has injured Crust, and if not enjoined by this Court, will continue to injure Crust.

29. Unless restrained by this Court, Defendant will continue to engage in the acts complained of herein and irreparably damage Crust. Crust has no adequate remedy at law to compensate it.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT OF REGISTERED CRUST MARKS
## 15 U.S.C. § 1114

30. Crust repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

31. Crust owns all right, title and interest in and to the CRUST mark and is the owner of three U.S. Trademark Registrations for the CRUST mark.

32. The foregoing registrations are valid, subsisting, uncancelled, and unrevoked.

33. Crust enjoys strong common law rights in the CRUST mark by virtue of its long and continuous use of the mark in U.S. commerce.

34. Crust has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and significant goodwill in the CRUST mark.

35. Defendant's unauthorized use in commerce of the CRUST mark as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

36. Defendant has used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Crust's CRUST mark in connection with the sale, offering for sale, or advertising of goods and services on or in connection with which such use, and uses by Defendant is likely to cause confusion or to cause mistake or to deceive as to the source or origin of Defendant's goods and/or services.

37. Defendant has infringed Crust's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of goods and services under the CRUST mark of a type similar to the goods and services offered by Crust and displaying, advertising, and promoting services under the name CRUST mark.

38. Defendant's use of the CRUST mark in connection with its goods and services is without the permission or authority of Crust and said use is likely to cause confusion, to cause mistake, and/or to deceive.

39. Upon information and belief, Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Crust's business, reputation, and goodwill in its federally registered CRUST trademarks. Crust has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

40. Crust repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

41. Upon information and belief, Defendant has used the CRUST mark in connection with goods and services to advertise and promote its goods and services in U.S. commerce. Such use is a false designation of origin, false or misleading description, and a representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation,

connection or association of Defendant with Crust and as to the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by Crust.

42. Upon information and belief, Defendant's acts have caused and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Crust's business, reputation, and goodwill in its federally registered CRUST trademarks. Crust has no adequate remedy at law.

## COUNT III
## FEDERAL UNFAIR COMPETION

43. Crust repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

44. The acts of Defendant complained of herein constitute unfair competition, including false designation of origin and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

45. Defendant's acts have caused Crust to sustain monetary damage, loss, or injury, in an amount to be determined at trial.

46. Upon information and belief, Defendant engaged in these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Crust respectfully requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

Crust requests that the Court enter judgment in its favor on each and every claim for relief set forth above, and award Crust relief including, but not limited to, the following:

A. A preliminary and permanent injunction enjoining Defendant and its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, suppliers, and all persons in active concert or participation with them from selling, advertising, promoting, and distributing any goods or services bearing the CRUST mark, Crust Pizza Bar, Crust Brewing Co., or any other mark that is confusingly similar to Crust's CRUST mark;

B. An Order requiring Defendant to deliver up for destruction all materials in their possession, custody or control, or in the possession, custody or control of any of its agents or representatives, embodying or displaying the CRUST mark, Crust Pizza Bar, Crust Brewing Co., or any confusingly similar variations thereof, including but not limited to signage, labels, catalogs, advertisements, pictures, promotional materials, Internet domain names, social media handles, and the like;

C. An Order requiring Defendant to account for and pay to Crust all profits and unjust gains arising from its unlawful acts alleged herein, and trebling such profits in accordance with 17 U.S.C. §1117, and any other applicable law;

D. An Order for Defendant to pay for corrective advertising;

E. An Order requiring Defendant to pay Crust compensatory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. §1117, and any other applicable law;

F. An Order requiring Defendant to pay Crust statutory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. §1117, and any other applicable law;

G. An Order requiring Defendant to pay Crust's costs and attorneys' fees in this action pursuant to 17 U.S.C. §1117, and any other applicable law;

H.      pre-judgment interest and post-judgment interest; and

I.      For such other and further relief as the Court may deem appropriate.

Dated: December 6, 2021                Respectfully submitted,

**CRUST PIZZA, LLC**

/s/Steven L. Baron

Steven L. Baron (ARDC No. 6200868)
Natalie A. Harris (ARDC No. 6272361)
Baron Harris Healey
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Tel: (312) 741-1030
Email: sbaron@bhhlawfirm.com
           nharris@bhhlawfirm.com

Paul S. Beik
*Pro Hac Vice* to be filed
S.D. Tex. ID No.: 642213
Texas Bar No. 24054444
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

*Attorneys for Plaintiff Crust Pizza, LLC*